Filed 1/4/23  P. v. Harris CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KENNETH LEE HARRIS,<br><br>Defendant and Appellant. | F079745<br><br>(Super. Ct. No. CF91445056)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Detjen, J. and Peña, J.

## INTRODUCTION

Petitioner Kenneth Lee Harris petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for first degree murder (§ 187). The superior court denied the petition with prejudice at the prima facie stage on the ground petitioner was a major participant in the underlying felony who acted with reckless indifference to human life, and therefore ineligible for resentencing.

On appeal, petitioner contends the trial court erred by denying his petition with prejudice, rather than denying the petition without prejudice and allowing him to amend the petition by checking the boxes necessary to present a facially sufficient petition for resentencing. He asks that we remand and order the trial court to deny the petition without prejudice to petitioner filing a new petition.

In our original opinion, we held remand was unnecessary because, even if the court erred in denying the petition with prejudice, petitioner was ineligible for resentencing as a matter of law. Specifically, we held the petition was properly denied because the jury's true finding on a robbery-murder special circumstance established petitioner was a major participant in the underlying felony who acted with reckless indifference to human life. (§ 190.2, subd. (a)(17).) (*People v. Harris* (June 16, 2021, F079745) [nonpub. opn.].)

Petitioner petitioned the California Supreme Court for review (S269852). The state high court granted review and ultimately transferred the matter to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Pursuant to the California Supreme Court's order, we vacated our prior opinion and afforded the parties an opportunity to file supplemental briefing.

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

Petitioner now argues, pursuant to *Strong*, that the record of conviction does not establish his ineligibility for relief. He again argues the superior court's order must be reversed and the matter remanded to permit amendment of his petition. The People filed no response.

In light of *Strong*, we will reverse the superior court's order denying the petition.

## FACTUAL AND PROCEDURAL HISTORY

On May 4, 1994, a jury convicted petitioner of first degree murder (§ 187; count one), with a special circumstance that petitioner was engaged in the commission of a robbery (§§ 190.2, subd. (a)(17), 211); attempted murder (§§ 187, 664; count two); and robbery (§§ 211, 212.5, subd. (b); count three). As to each count, the jury found petitioner personally used a firearm. (§ 12022.5, subd. (a).) As to counts two and three, the jury found petitioner inflicted great bodily injury upon the victims. (§ 12022.7.) In bifurcated proceedings, petitioner admitted he suffered one prior prison term.[2] (§ 667.5, subd. (b).) On count one, the court sentenced petitioner to life without the possibility of parole. On count two, the court sentenced petitioner to a determinate term of 17 years. Sentence on the remaining counts and enhancements was imposed and stayed pursuant to section 654.[3]

On January 10, 2019, petitioner filed a petition for resentencing pursuant to section 1172.6. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder; he was convicted of first or second degree murder at trial; and he was not the actual killer and did not act with an intent to kill. However, petitioner did not mark

---

[2] However, this enhancement was eventually stricken as not having been proved.

[3] According to the probation report, the convictions arose out of an incident in which petitioner shot and wounded one individual, and his codefendant shot and killed another individual, during the course of a robbery. Petitioner's codefendant is not a party to this appeal.

3.

the box stating, "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019," a box which the form petition described as necessary for resentencing eligibility. Nor did petitioner mark the box indicating he was not a major participant in the felony or did not act with reckless indifference to human life, or the box indicating the victim of the murder was not a peace officer in the performance of his or her duties.

On March 11, 2019, the People filed an opposition, noting petitioner's defective service of the petition and arguing the jury's finding on the robbery-murder special circumstance precluded him from making a prima facie showing that his conviction falls within the provisions of section 1172.6. In a separate motion to dismiss, the People argued section 1172.6 was unconstitutional. On April 8, 2019, the court denied the petition without prejudice due to defective service. The court's order did not note that petitioner had failed to check certain boxes necessary for establishing he fell within the provisions of section 1172.6.

On May 10, 2019, petitioner filed a second petition for resentencing pursuant to section 1172.6. Once again, petitioner failed to mark the box stating, "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019," the box indicating he was not a major participant in the felony or did not act with reckless indifference to human life, and the box indicating the victim of the murder was not a peace officer in the performance of his or her duties.

On July 2, 2019, the court summarily denied the petition as follows:

"The Court is in receipt of Petition for Resentencing filed May 10, 2019. The petition is denied with prejudice. Petitioner . . . has failed to make a prima facie showing that he falls within the provisions of . . . section [1172.6]. The condition set out at [section 1172.6, subdivision ](a)(3) does not apply. As a major participant in the crime of robbery who acted with deliberate indifference to human life, Petitioner is not eligible for resentencing. [¶] Petition is denied."

This timely appeal followed.

## DISCUSSION

### I.     Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *Strong*, *supra*, 13 Cal.5th at pp. 707-708.)  Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of felony murder to seek vacatur of the conviction and resentencing.  (§ 1172.6, subd. (a); accord, *Strong*, at p. 708.)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court.  (§ 1172.6, subd. (b)(1).)  The petition must include all of the following:  "(A) A declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of [section 1172.6,] subdivision (a). [¶]  (B) The superior court case number and year of the petitioner's conviction. [¶]  (C) Whether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1).)  If any of this information is missing, "and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1172.6, subd. (b)(2).)  However, if the petition is complete or the missing information can readily be ascertained by the court, counsel must be appointed, if requested.  (§ 1172.6, subd. (b)(3).)

Following the filing of a facially sufficient petition, the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1172.6, subd. (c); accord, *Strong*, *supra*, 13 Cal.5th at p. 708.)  If the

5.

sentencing court determines the petitioner has made such a showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II. Analysis

### A. The Robbery-Murder Circumstance is not Preclusive

Petitioner argues the record of conviction does not establish his ineligibility for resentencing as a matter of law. The People have argued the petition was properly denied because the jury's true finding on the robbery special circumstance established petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, disqualifying factors pursuant to section 1172.6, subdivision (a)(3) and section 189, subdivision (e).

While this appeal was pending, our Supreme Court issued its opinion in *Strong*, *supra*, 13 Cal.5th 698. Therein, the high court held that a special circumstance finding entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 did not

preclude a section 1172.6 petitioner from making a prima facie showing of eligibility for relief.[4] (*Strong*, at p. 703.)

Strong is dispositive of this issue. The jury's special circumstance finding was entered prior to the decisions in *Banks* and *Clark*, and therefore is not preclusive on prima facie review of the petition under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 703.) The People have presented no other basis to support the denial of the petition with prejudice at the prima facie stage. The order denying the petition with prejudice must therefore be reversed.

## B. The Petition was Facially Insufficient

As petitioner concedes, his petition was facially insufficient, inasmuch as he did not include in his declaration a claim that he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3); see § 1172.6, subd. (b)(1)(A).) On remand, the court may deny the petition without prejudice if it determines this and any other information required under section 1172.6, subdivision (a) "cannot be readily ascertained by the court." (§ 1172.6, subd. (b)(2).) In such circumstance, the court must advise petitioner "that the matter cannot be considered without the missing information." (*Ibid*.) However, if the court determines the missing information can readily be ascertained by the court, counsel must be appointed and the court must proceed to determine whether to issue an order to show cause. (§ 1172.6, subds. (b)(3), (c).)

## DISPOSITION

The July 2, 2019 order denying the petition with prejudice is reversed, and the matter is remanded for further proceedings consistent with this opinion.

---

[4] *Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and . . . to act with reckless indifference to human life." (*Strong*, *supra*, 13 Cal.5th at pp. 706-707.)